BROWNING'S EX'R

*v.*

BROWNING.

(*Supreme Court of Appeals of Virginia, June 22, 1899.*)

[36 S. E. Rep. 108.]

**Husband and Wife—Services of Husband for Wife upon Separate Estate —May Recover for.**

A husband may recover from his wife the value of the use of his teams in cultivating the wife's farm, the crops of which passed into her separate estate, where the teams were furnished with the expectation of being remunerated therefor, though there was no express agreement to that effect.

**Same—Assumption of Husband's Debt—Liability of Wife for—Case at Bar.**

Where the wife directed an account which the husband before their marriage had contracted with a firm of which she was a member to be charged to her own account with that firm, a finding that she had assumed its payment to the exoneration of the husband, and was not entitled to recover therefor from the husband, is warranted.

Appeal from circuit court, Russell county.

Bill by Margaret J. Browning against her husband for divorce and for an accounting. Complainant died during the pendency of the suit, and from the decree her executor appeals. Reversed.

*J. C. Gent* and *H. A. Routh*, for appellant.

*White & Penn*, for appellee.

KEITH, P., delivered the opinion of the court.

This controversy originates in a bill filed by appellant's testatrix, Margaret J. Browning, praying for a divorce a mensa et thoro, and for protection in the possession and enjoyment of her separate estate, consisting of real and personal property, owned by her at the time of her marriage.

The defendant answered the bill, and the cause was referred to a commissioner, who returned a report which finds an indebtedness on the part of the estate of Mrs. Browning, who died pending the litigation, and a decree was rendered in favor of the husband for $1,861.33, and from that decree an appeal was allowed.

The errors assigned by the appellant, the executor of Mrs. Browning, are to the ruling of the circuit court upon certain exceptions filed by him to the report of the commissioner.

It seems that at the time of the marriage Mrs. Browning was the owner of large real estate, and personal estate consisting of cattle, horses, mules, milch cows, sheep, household and kitchen furniture, and crops growing upon her farm.

A. P. Browning, the defendant, was also engaged in agriculture, though upon a less extensive scale, and shortly after the marriage the family removed from his home to her's, and A. P. Browning assumed, with his wife's consent, the management and control of her real estate and the personal property upon it, as well as his own. The items of account which are now in dispute are for work done by him upon the land of Mrs. Browning, and for money paid by him for various objects of which it is claimed the estate of Mrs. Browning received the benefit.

That the several sums of money with which he is credited by the commissioner were paid by Browning for articles purchased by him is sufficiently proved by the evidence; but with respect to some of them the evidence wholly fails to show that the purchases were made for the benefit of her estate. Browning con-

trolled, managed, and cultivated his own lands and those of his wife, and it was his duty to keep accounts and to furnish evidence which would enable the court to determine whether or not he is entitled to be reimbursed for the debts contracted and paid by him during the period of his joint management of the two estates.

Without going into a discussion of the testimony bearing upon each item, we are of opinion, with respect to the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and twelfth items, that it is insufficient to support the claim of appellee, and the said several items are disallowed.

We are also of opinion that the items of $167.75 for 225 bushels of corn, and $126.75 for 169 bushels of corn, paid to W. G. Jessee, were improperly allowed.

The item of $25, the amount of an order on the county treasurer collected by appellant, and the item of $40.80 for household furniture belonging to the appellee and retained by Mrs. Browning, were properly allowed by the commissioner.

The items for the use of teams, amounting to $424, we are also disposed to allow. The work was done upon the farm of Mrs. Browning in the cultivation of crops which passed into her estate. While there was no express contract between the husband and wife that he should be paid the sums allowed by the commissioner, it does sufficiently appear that Browning expected to be remunerated in some way for the work done by him, and the amount allowed by the commissioner is a reasonable one.

We are of opinion that the circuit court was right in disallowing a credit to appellant of $410.11. The circumstances connected with this transaction warrant the conclusion that Mrs. Browning, in directing the amount due by her husband to the firm of Carrell & Seacatt, before her marriage, to be incorporated with and charged to her private account with that firm, of which she was a member, intended to assume its payment to the exoneration of her husband.

In the conclusions here presented we have not been unmindful of the weight to be attributed to the finding of a commissioner which has been approved by the trial court. See Shipman v. Fletcher, 91 Va. 473, 22 S. E. 458.

Upon the whole case we are of opinion that the decree of the circuit court should be reversed, and that a decree should be entered in favor of appellee for the sum of $509.80, with interest from July 9, 1891.

RIELY and BUCHANAN, JJ., absent.